# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ANDREW POTEE,

       Plaintiff,      :      Case No. 2:19-cv-5058

- vs -

            District Judge James L. Graham
            Magistrate Judge Michael R. Merz

THOMAS COOK, *et al.*,

       Defendants.    :

# REPORT AND RECOMMENDATIONS

This 42 U.S.C. § 1983 case filed by Plaintiff Andrew Potee is before the Court for decision on the Motion for Summary Judgment of Defendants Thomas Cook and Timothy Nungester (Motion, ECF No. 19). The case has been referred to the undersigned for a Report and Recommendations. 28 U.S.C. § 636(b). For the reasons set forth below, Defendants' Motion should be GRANTED IN PART AND DENIED IN PART.

## I.    Factual Background

As Defendants' Motion turns on narrow questions of law, the undersigned sets forth only those facts necessary to resolve the Motion. On or about March 1, 2019, Potee was booked into the Correctional Reception Center ("CRC") and given a copy of the prison handbook and orientation as to the prison grievance procedures (Potee Depo. Ex., ECF No. 21-2, PageID 179). On or about March 23, 2019, Potee was allegedly assaulted and battered by Defendants and was

1

taken to Ohio State University Medical Center for treatment. Upon return to CRC, Potee was put in segregated housing for four days (Memo. in Opp., ECF No. 23, PageID 281-82, quoting Potee Depo., ECF No. 21, PageID 100-01; citing Potee Depo., ECF No. 21, PageID 121-23, 126). Potee claims that he asked a corrections officer ("CO") for a paper form, known as a "kite," to file an informal grievance against Defendants; the CO informed Potee that he had to use the JPay kiosk during his recreation time. *Id*. at PageID 282, citing Potee Depo., ECF No. 21, PageID 130-31, 150. On his first day in segregated housing, Potee did not receive recreation time. On his second through fourth days, however, Potee was granted recreation time and even used the JPay kiosk to email his significant other (Potee Depo., ECF No. 21, PageID 148-49). On or about March 28, 2019, Potee was transferred to Clermont County Jail, which did not have a JPay kiosk. *Id*. at PageID 147. Potee filed the instant lawsuit on November 19, 2019, raising claims under 42 U.S.C. § 1983 (Claim One) and for state law assault and battery (Claim Two).

## II.     Legal Standards

### A.     Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991). Once the moving party has met its initial burden, the nonmoving party must present evidence that

creates a genuine issue of material fact making it necessary to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rule 56 requires the nonmoving party to go beyond the (unverified) pleadings and present some type of evidentiary material in support of its position. *Celotex,* 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin,* 18 F.3d 337, 341 (6th Cir. 1994). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL 3D, § 2726 (1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed.R.Civ.P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *lnterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989). However, the court may also consider other properly presented materials in the record. Fed. R. Civ. P. 56(c)(3).

B.   **Exhaustion of Remedies**

The Prison Litigation Reform Act of 1996 imposes a jurisdictional threshold of exhaustion, forbidding a claim from "be[ing] brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Under §1997e(a), the exhaustion requirement hinges on the 'availability' of administrative remedies:  An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (brackets removed).  The *Ross* Court set forth three circumstances under which a remedy may be considered "unavailable." *First*, "when (despite what regulations or guidance materials may promise) it operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Second*, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Third*, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at PageID 1859-60.

Ohio has enacted a three-step administrative grievance process:

> (1) The filing of an informal complaint - step one:
>
> Within fourteen calendar days of the date of the event giving rise to the complaint, the inmate shall file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint. Staff shall respond in writing within seven calendar days of receipt of the informal complaint.  If the inmate has not received a written response from the staff member within seven calendar days, the inspector may grant an additional four calendar days for response.
>
> . . .
>
> (2) The filing of the notification of grievance - step two:

4

> If the inmate is dissatisfied with the informal complaint response, or the informal complaint process has been waived, the inmate may file a notification of grievance with the inspector of institutional services. All inmate grievances must be filed by the inmate no later than fourteen calendar days from the date of the informal complaint response or waiver of the informal complaint step. The inspector of institutional services may also waive the timeframe for the filing of the notification of grievance, for good cause. The inspector of institutional services shall provide a written response to the grievance within fourteen calendar days of receipt.
>
> . . .
>
> (3) The filing of an appeal of the disposition of grievance - step three:
>
> If the inmate is dissatisfied with the disposition of grievance, the inmate may file an appeal with the office of the chief inspector. Only issues presented in an informal complaint or grievance may be raised in a grievance appeal. Grievance appeals shall contain a clear, concise statement explaining the basis for the appeal. The appeal must then be filed to the office of the chief inspector within fourteen calendar days of the date of the disposition of grievance. For good cause the chief inspector or designee(s) may waive such time limits. The chief inspector or designee(s) shall provide a written response within thirty calendar days of receipt of the appeal.

Ohio Admin. Code § 5120-9-31(J).

## III. Analysis

### A. 42 U.S.C. § 1983

There is no dispute that Potee failed to comply with or even initiate the above grievance procedure, as he failed to file an informal complaint. Moreover, Potee's written acknowledgment of receipt of the grievance procedure means that there is no genuine issue of material fact as to whether he was aware of the purported remedy and its requirements. The only issue is whether the grievance remedy was "available" to him in the first place. The remedy was available to him for the second through fourth days of the grievance period. From his conversation with the CO,

5

Potee knew that the way to file a grievance—and the only way to do so at CRC—was to use the JPay kiosk (Potee Depo., ECF No. 21, PageID 150). Contrary to his argument that he was not computer proficient, (*Id.* at PageID 148-50), he was able to use the kiosk during his recreation time on the fourth day to send a message to his significant other (Potee Depo. Ex., ECF No. 21-3, PageID 188).

However, the remedy was not available on the first day, when Potee was not allowed recreation time (Potee Depo., ECF No. 21, PageID 148-49). More importantly, it was not available after the fourth day, when Potee was incarcerated at Clermont County Jail without access to a kiosk or the grievance system (Memo. in Opp., ECF No. 23, PageID 284). Defendants note that Potee never attempted to file a grievance electronically (Reply, ECF No. 25, PageID 386). However, based on Potee's understanding that he could not file a grievance without access to a JPay kiosk, he would have no reason to believe that he could actually file a grievance. In essence, Clermont County COs were "unable . . . to provide any relief to aggrieved inmates" who were required to initiate a grievance via JPay. *Ross*, 136 S.Ct. at 1859; *see also King v. McCarty*, 781 F.3d 889, 892 (7th Cir 2015) (*per curiam*), *overruled on other grounds by Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020) (transfer to new facility where there is no access to the old facility's grievance system means there are no remedies to exhaust).[1]

Defendants cite two cases from other judges of this Court in support of their argument that Plaintiff has failed to exhaust, neither of which is persuasive. *First*, in *Lamb v. Reece*, Chief Magistrate Judge Karen Litkovitz held that failure to pass a grievance up the chain, even when the prison fails to respond to the informal grievance, is a failure to exhaust, because the procedure is

---

[1] Defendants also note that Potee filed at least three grievances through the JPay kiosk later in 2019 (A. Lee. Decl. Ex., ECF No. 19-2). However, such grievances are irrelevant because the issue is not whether Potee knew how to effectuate the remedy, but rather, whether the remedy was actually available to him at all during the fourteen-day period after March 23, 2019.

6

to file a formal grievance if nobody responds within seven days (Reply, ECF No. 25, PageID 385-86, citing *Lamb*, 2021 U.S. Dist. LEXIS 60742 (S.D. Ohio Feb. 23, 2021) (Litkovitz, Mag. J.), *adopted* 2021 U.S. Dist. LEXIS 60828 (S.D. Ohio Mar. 30, 2021) (Dlott, J.)). While the undersigned agrees with the holding in *Lamb*, it is immaterial to the instant case, as there is no dispute that Potee did not even initiate the grievance process.

Second, in *Rodgers v. Driesbach*, Magistrate Judge Chelsey Vascura held that the mere unavailability of the JPay kiosks (out of order) and paper grievance forms was not enough to create a genuine issue of material fact; Plaintiff has to show "that there was no other source for obtaining a grievance form or that he made [another] attempt to obtain a form or to file a grievance without a form." (Reply, ECF No. 25, PageID 385 (brackets in original), quoting *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001) (*per curiam*), *rev'd on other grounds sub. nom. Jones v. Bock*, 549 U.S. 199 (2007); *Rodgers*, 2021 U.S. Dist. LEXIS 54241, at * 8 (S.D. Ohio Mar. 23, 2021))..

In *Jones*, the issue was a prisoner's requesting a grievance form, being denied, and failing to allege that there was no other way to file a grievance. 266 F.3d at 400. The plaintiff in *Rodgers* never requested a paper grievance form when the JPay kiosks were not working, despite knowing to request a paper form as an alternative. 2021 U.S. Dist. LEXIS 52451 at *6-7. Here, Potee was told that the *only* way to file a grievance was through the JPay kiosk (*See, e.g.*, Potee Depo., ECF No. 21, PageID 147).

It must be noted that there is no provision in Ohio Admin. Code § 5120-9-31(J)(1) to shorten or otherwise modify the fourteen day informal grievance period for any reason, including transfer to a different facility. Further, there is no language in the rule that requires grievances to be filed as quickly as practicable. Had the State of Ohio wanted to impose such requirements on prisoners, it could have easily done so. The undersigned interprets the regulation, therefore, to

7

provide that a prisoner must have the entire fourteen-day period in which to initiate the grievance process. As Potee received only three days to initiate the grievance, it cannot be said that the process was reasonably available to him; as it was unavailable, Potee was not required to exhaust remedies prior to filing suit. Defendants' Motion for Summary Judgment should be denied as to Potee's 42 U.S.C. § 1983 claim.

### B. Assault and Battery

Defendants argue that Claim Two—Plaintiff's state law claim for assault and battery—is barred by sovereign immunity and the Eleventh Amendment to the United States Constitution (Motion, ECF No. 19, PageID 62-63, quoting *Alden v. Maine*, 527 U.S. 706, 713, 724, 728, 731 (1999); *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) (*en banc*)). Potee does not address this issue in his memorandum, and it is the Sixth Circuit's longstanding practice that a claim not addressed in a memorandum *contra* a motion for summary judgment is deemed abandoned. *See, e.g.*, *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013). Moreover, Defendants are correct "that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the [Ohio] Court of Claims must first determine that the employee is not entitled to . . . immunity." (Motion, ECF No. 19, PageID 65, quoting *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989)). Accordingly, Defendants' Motion should be granted as to Claim Two, which should be dismissed without prejudice to re-filing in the Court of Claims.

## IV. Conclusion

Defendants' Motion for Summary Judgment should be GRANTED IN PART and DENIED IN PART. Potee's 42 U.S.C. § 1983 claim should be permitted to proceed and his state law assault and battery claim should be dismissed without prejudice to re-filing in the Ohio Court

of Claims.

May 25, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #