```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Andrew Potee,

    Plaintiff,

  v.                          Case No. 2:19-cv-5058

Thomas Cook, et al.,

    Defendants.

## ORDER

This is an action filed pursuant to 42 U.S.C. §1983 by Andrew Potee against defendants Thomas Cook and Timothy R. Nungester, Ohio corrections officers, who are named in their official and individual capacities. Plaintiff alleged in his complaint (Doc. 1) that on March 23, 2019, while he was being held at the Correctional Reception Center ("CRC") in Orient, Ohio, he approached Cook to ask him to turn the fan down in the shower room. Cook refused, and plaintiff started to return to the bed area. Plaintiff further alleged that Cook directed him to return to the desk, then slammed his head into a door. Plaintiff asserted that the defendants then handcuffed him, forced him to the ground, and hit him in the head and face. Plaintiff was later transported to The Ohio State University Medical Center for treatment of his injuries. In his first cause of action, plaintiff asserted a §1983 claim for the excessive use of force and cruel and unusual punishment in violation of the Fourth and Eighth Amendments. In the second cause of action, plaintiff asserted an Ohio state law claim of assault and battery.

On March 15, 2021, defendants filed a motion for summary judgment. Doc. 19. Defendants argued that plaintiff's §1983 claim

was barred due to his failure to exhaust his prison administrative remedies, and that plaintiff's assault and battery claim was barred by sovereign immunity and the Eleventh Amendment.

On May 25, 2021, the magistrate judge issued a report and recommendation concerning the motion for summary judgment. Doc. 31. The magistrate judge concluded that because the evidence did not show that the grievance process was reasonably available to plaintiff, he was not required to exhaust his administrative remedies. The magistrate judge recommended denying summary judgment on the first cause of action. The magistrate judge further found that defendants were entitled to immunity on the assault and battery claim, and recommended dismissing that claim without prejudice to re-filing it in the Ohio Court of Claims. This matter is now before the court for consideration of the report and recommendations and defendants' objections regarding the denial of their motion for summary judgment on the first cause of action (Doc. 32). Plaintiff has filed a response to defendants' objections. Doc. 33.

I. Standards of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

"The court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party has the burden of proving the absence of a genuine dispute and its entitlement to summary judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In considering a motion for summary judgment, this court must draw all reasonable inferences and view all evidence in favor of the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Am. Express Travel Related Servs. Co. v. Kentucky, 641 F.3d 685, 688 (6th Cir. 2011).

In moving for summary judgment on an affirmative defense, the defendant must produce sufficient evidence to prove that there is no genuine dispute of material fact as to whether the defense applies. Brown v. Earthboard Sports USA, Inc., 481 F.3d 901, 913 (6th Cir. 2007). The burden then shifts fo the plaintiff to show that summary judgment on the affirmative defense should be denied. Campbell v. Grand Trunk W. R.R. Co., 238 F.3d 772, 775 (6th Cir. 2001). Where a defendant seeks summary judgment on an affirmative defense on which he will bear the ultimate burden of proof at trial, summary judgment is proper "'only if the record shows that [the defendant] established the defense so clearly that no rational jury could have found to the contrary.'" Beck-Wilson v. Principi, 441 F.3d 353, 365 (6t Cir. 2006)(quoting Buntin v. Breathitt Cty. Bd. of Educ., 134 F.3d 796, 800 (6th Cir. 1998)).

3

II. Defendants' Objections

Defendants object to the conclusion of the magistrate judge that their motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies should be denied. As the magistrate judge noted, the Prison Litigation Reform Act of 1996 ("PLRA") imposes a jurisdictional threshold of exhaustion of administrative remedies. In Ohio, the inmate grievance procedures are described in Ohio Admin. Code 5120-9-31. Under Ohio Admin. Code 5121-9-31(I), "[o]nly the grievance process designated by the chief inspector may be used to file informal complaints, grievances and grievance appeals" and that process "shall be reasonably available to inmates regardless of their disciplinary status or classification." The regulations set forth a three-part procedure for filing grievances, including the filing of an informal complaint, known as an informal complaint resolution, see Ohio Admin. Code 5120-9-31(J)(1); the filing of a notification of grievance with the inspector of institutional services, see Ohio Admin. Code 5120-9-31(J)(2); and the filing of an appeal with the inspector of institutional services, see Ohio Admin. Code 5120-9-31(J)(3).

Exhaustion of administrative remedies is mandatory. Woodford v. Ngo, 548 U.S. 81, 85 (2006). However, a prisoner is only required to exhaust administrative remedies that are available to him. Ross v. Blake, 136 S. Ct. 1850, 1858 (2016); Napier v. Laurel County, Ky., 636 F.3d 218, 222-23 (6th Cir. 2011). A grievance procedure is unavailable when prison authorities have somehow thwarted an inmate's attempts at exhaustion, although the prisoner must still make some affirmative effort to comply with the

4

administrative procedure. <u>Brock v. Kanton County</u>, 93 F. App'x 793, 798 (6th Cir. 2004). Non-exhaustion is an affirmative defense under the PLRA, with the burden falling on the defendant, and summary judgment is appropriate only if the defendant shows the absence of a genuine dispute as to any material fact regarding non-exhaustion. <u>Troche v. Crabtree</u>, 814 F.3d 795, 798 (6th Cir. 2016).

As the magistrate judge noted, there is no dispute that plaintiff did not file an informal complaint concerning the alleged assault. Rather, the issue, as the magistrate judge noted, was whether the administrative remedies were reasonably available. Plaintiff testified at his deposition that when he returned to CRC after obtaining medical treatment, he was placed in segregated housing for four days. Plaintiff made some effort to comply with the administrative procedure. He testified that he asked a corrections officer several times for a paper form to use in filing an informal grievance against the defendants, but the corrections officer informed him that he would have to use the JPay kiosk during his recreation time. Plaintiff did not receive recreation time during his first day in segregation. He received recreation time on the second through fourth days, and used the JPay kiosk to send an email to his girlfriend. However, plaintiff testified that he did not have access to an inmate handbook while in segregation. He stated that he was not trained on using the computerized grievance process at the kiosk during his intake into the institution, and that inmates were only allowed fifteen minutes at a time for kiosk use. On March 28, 2019, plaintiff was transferred to the Clermont County Jail, which did not have a JPay kiosk. In light of plaintiff's belief that a grievance could only be filed

5

using a JPay kiosk, the Clermont County facility was unable to provide him with access to the grievance process.

This court agrees with the reasoning of the magistrate judge. After discussing and distinguishing the cases cited by defendants, the magistrate judge noted that under Ohio Admin. Code §5120-9-31(J)(1), an inmate has fourteen days from the date of the incident to submit an informal complaint. Doc. 31, pp. 6-7. The magistrate judge reasoned that there is no language in that rule which requires an inmate to file an informal complaint as quickly as possible or practicable, and that the rule contemplates that an inmate will have the full fourteen days in which to initiate the grievance process. Doc. 31, pp. 7-8. Defendants have offered no authority to the contrary. The cases relied on by defendants which award summary judgment on the exhaustion issue are distinguishable, as none involved inmates who reasonably believed that a paper grievance form could not be filed, or who did not have the full fourteen days to file a grievance. Here, the magistrate judge noted evidence showing that the grievance procedure was not available to plaintiff on his first day in segregation and after the fourth day. Doc. 31, p. 6 (citing King v. McCarty, 781 F.3d 889, 892 (7th Cir. 2015), overruled on other grounds by Henry v. Hullett, 969 F.3d 769 (7th Cir. 2020)(transfer to new facility where there is no access to the old facility's grievance system means there are no remedies to exhaust)). The magistrate judge correctly concluded that because plaintiff only had three days in which he had an opportunity to initiate an informal complaint, it could not be said that the grievance process was reasonably available to him; therefore, he was not required to exhaust his

6

administrative remedies.  Doc. 31, p. 8.

Defendants claim in their objections that they were not notified of plaintiff's allegations until they were served with the complaint in this case.  Granted, the administrative remedies required by the PLRA serve the function of timely alerting potential defendants to claims of wrongdoing made by inmates and presenting prison authorities with the opportunity to investigate and mediate those claims before litigation is commenced.  However, the PLRA exhaustion requirement hinges on the availability of administrative remedies; an inmate is not required to exhaust unavailable ones.  Ross, 136 S. Ct. at 1858.  When the defendants received notice of plaintiff's claims has no bearing on whether administrative remedies were available to plaintiff during the applicable fourteen-day period, which is the critical issue here.  In any event, plaintiff argues in response that defendants were aware of plaintiff's allegations prior to the commencement of this action.  Plaintiff cites evidence that shortly after the incident, the institution conducted an investigation concerning the alleged use of excessive force by defendants, that defendants were interviewed during the investigation and were asked about plaintiff's allegations, and that the investigator recommended disciplining the defendants.

Defendants assert that plaintiff's "self-serving" deposition testimony is not sufficient to defeat summary judgment.  However, it would be expected that evidence submitted by a party in summary judgment proceedings would be "self-serving."  The sort of "self-serving" declaration which is not sufficient to defeat summary judgment is a declaration which is conclusory or ambiguous, or

7

which does not allege specific facts which, if proven, would support or defeat a claim or defense. See, e.g., N.L.R.B. v. Shawnee Plastics, Inc., 492 F.2d 869, 871 (6th Cir. 1974); see also Patterson v. City of Akron, Ohio, 619 F. App'x 462, 473 (6th Cir. 2015)(district court erred in rejecting plaintiff's declaration about the voluntariness of the waiver of his right to sue as self-serving where defendants had the burden of proof on that issue). Plaintiff's deposition testimony that he was informed by a corrections officer that he would have to use the kiosk to submit a grievance and that he only had three days to access the kiosk before he was transferred to another institution does not suffer from these deficiencies. The evidence noted by the magistrate judge in the report and recommendation is sufficient to create a genuine dispute on the issue of whether administrative procedures were reasonably available to plaintiff, and summary judgment on the first cause of action is not appropriate.

III. Conclusion

For the foregoing reasons, the court agrees with the report and recommendation. The court adopts the report and recommendation (Doc. 31). Defendants' motion for summary judgment (Doc. 19) is granted in part and denied in part. Summary judgment is denied on the first cause of action. Summary judgment is granted on the second cause of action based on sovereign and Eleventh Amendment immunity, and that claim is dismissed without prejudice to being re-filed in the Ohio Court of Claims.

Date: July 21, 2021                    s/James L. Graham
                                       James L. Graham
                                       United States District Judge