IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW POTEE,

         Plaintiff,    :    Case No. 2:19-cv-5058

- vs -

                              Judge James L. Graham
                              Magistrate Judge Michael R. Merz

THOMAS COOK, *et al.*,

                                 :

         Defendants.

## OPINION AND ORDER

Plaintiff Andrew Potee brings this action pursuant to 42 U.S.C. § 1983 against Defendants Thomas Cook and Timothy Nungester, Ohio corrections officers. This matter is before the Court on the Motion to Dismiss of Defendants Thomas Cook and Timothy Nungester (the "Motion"). (ECF No. 40.) For the reasons set forth below, Defendants' Motion is **DENIED**.

**I.    Factual Background and Procedural History**

Plaintiff alleges in his Complaint (ECF No. 1) that on March 23, 2019, while being held at the Correctional Reception Center in Orient, Ohio, he approached Cook to ask him to turn the fan down in the shower room. Cook refused, and Plaintiff started to return to the bed area. Plaintiff further alleges that Cook directed him to return to the desk, then slammed his head into a door. Plaintiff asserts that Defendants then handcuffed him, forced him to the ground, and hit him in the head and face. Plaintiff was later transported to The Ohio State University Medical Center for treatment of his injuries. In his first cause of action, Plaintiff asserts a §1983 claim for the excessive use of force and cruel and unusual punishment in violation of the Fourth and Eighth

Amendments. In the second cause of action, Plaintiff asserts an Ohio state law claim of assault and battery.

On March 4, 2021, Plaintiff moved this Court seeking to amend his Complaint to add a cause of action for spoliation against the Ohio Department of Rehabilitation and Corrections ("ODRC") because the video recordings of the alleged incident contained "significant and material omissions." (ECF No. 18 at PageID 43.)

On March 15, 2021, Defendants moved for summary judgment on Plaintiff's two causes of action. (ECF No. 19.)

On May 3, 2021, Magistrate Judge Merz ordered "briefing on the issue of whether Plaintiff's claim for spoliation is barred by the Eleventh Amendment and sovereign immunity." (ECF No. 28 at PageID 394.)

On May 10, 2021, Plaintiff filed his response to the Court's May 3 Order stating, "After further consideration of the issue, Plaintiff hereby withdraws his Motion for Leave to Amend (Doc. 18). It is Plaintiff's intention to file the spoliation claim in the Ohio Court of Claims as an original action." (ECF No. 29 at PageID 395.)

On July 21, 2021, the Court held that Plaintiff's 42 U.S.C. § 1983 could proceed to trial but dismissed Plaintiff's state law assault and battery claim on sovereign immunity and Eleventh Amendment grounds stating, "that claim is dismissed without prejudice to being refiled in the Ohio Court of Claims." (ECF No. 34 at PageID 428.)

On August 10, 2021, Plaintiff filed the following claims in the Ohio Court of Claims: 1) assault and battery against Cook and Nungester and 2) spoliation against the ODRC. Paragraph 5 of Plaintiff's Complaint states, "The battery claims against Cook and Nungester were previously filed in the United States District Court for the Southern District of Ohio, Case No. 2:19-cv-5058,

2

on November 19, 2019. They were dismissed by that court on May 25, 2021, 'without prejudice to re-filing in the Court of Claims.'" (ECF No. 41-1 at PageID 462.)

On August 12, 2021, the Ohio Court of Claims dismissed Plaintiff's claims against Cook and Nungester stating that under Ohio Rev. Code § 2743.02(E), "only state agencies and instrumentalities can be defendants in original actions in the Court of Claims." (ECF No. 41-2 at PageID 466.) As a result, only Plaintiff's spoliation claim against ODRC remains pending in the Ohio Court of Claims.

On September 3, 2021, Defendants filed the instant Motion, arguing that Plaintiff's Court of Claims lawsuit results in a complete waiver of any other claims against Cook and Nungester arising from the same "act or omission" that gave rise to his claim in the Court of Claims pursuant to the Sixth Circuit's decision in *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc), and that Plaintiff's remaining § 1983 claim must be dismissed for lack of jurisdiction.

Defendants' Motion is fully briefed and ripe for adjudication.

**II.     Legal Standard**

"The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citing Fed.R.Civ.P. 12(b)(1). "[T]he party invoking federal jurisdiction has the burden to prove that [subject matter] jurisdiction [exists]." *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.,* 807 F.3d 806, 810 (6th Cir. 2015). If the Court determines that it lacks jurisdiction over certain claims, then it must dismiss those claims. *See Ammex, Inc. v. Cox,* 351 F.3d 697, 702 (6th Cir. 2003) (quoting *Riggs v. Island Creek Coal Co.*, 542 F.2d 339, 343 (6th Cir. 1976)) ("parties cannot waive the requirement of subject matter

3

jurisdiction."). As Defendants' Motion is a facial attack on jurisdiction, the Court accepts the facts pleaded in the Complaint as true (Motion, ECF No. 40, PageID 450, citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).) The Court may, however, look at matters outside the pleadings to determine if jurisdiction exists. *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003); *Moir v. Greater Cleveland Reg. Trans. Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

### III. Analysis

At the outset, the Court notes that the parties spent time in the memorandum *contra* and reply discussing whether this motion is properly raised as a Rule 12(b)(1) Motion to Dismiss or a Rule 12(c) Motion for Judgment on the Pleadings (Memo. in Opp., ECF No. 41, PageID 459; Reply, ECF No. 42, PageID 476-77, citing *Cox v. Specialty Vehicle Sols., LLC*, 715 F. App'x 443, 446 (6th Cir. 2017).) This is ultimately an immaterial distinction; an attack on subject matter jurisdiction may be raised at any time and the Court must consider it, irrespective of form. The Court notes, however, that dismissal for lack of jurisdiction is not an adjudication on the merits. *Durham v. Mason & Dixon Lines, Inc.*, 404 F.2d 864, 865 (6th Cir. 1968).

Defendants argue that by filing a complaint in the Ohio Court of Claims, Plaintiff has waived his § 1983 claim against Defendants pursuant to Ohio Rev. Code § 2743.02(A)(1). Under Ohio Rev. Code § 2743.02(A)(1), "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee." The Ohio legislature intended for this waiver to extend to federal causes of action. *Leaman*, 825 F.2d at 952. Section 2743.02's waiver of suits "'against any state officer or employee,' provides a quid pro quo for plaintiffs []: 'The state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employees.'" *Portis v. Ohio*, 141 F.3d 632,

4

634 (6th Cir. 1998) (quoting *Thomson v. Harmony*, 65 F.3d 1314, 1318 (6th Cir. 1995)).

The only exception to this waiver is when the Court of Claims determines that the "the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Rev. Code § 2743.02(A)(1). The Court of Claims has not made such a determination here. In sum, Defendants argue that:

> Plaintiff's decision to take his state law claims to the Ohio Court of Claims constituted a waiver of this Court's subject matter jurisdiction over his federal claims arising from the same action. Plaintiff's pleadings in both cases show the same acts or omissions prompted his decision to file both lawsuits. Thus, Plaintiff became limited to pursuing his lawsuit against Defendants in the Court of Claims. Plaintiff has waived any right to continue to pursue his current federal claim.

(ECF No. 40 at PageID 454-55.)

Plaintiff argues that the *Leaman* doctrine is not implicated here because he "sued the state in the court of claims for a cause of action (spoliation of evidence) which is not based on the same act or omission (excessive force) alleged in this case." (ECF No. 41 at PageID 458.) Plaintiff also highlights that the:

> assault and battery claims against Defendants were immediately rejected by the Court of Claims because "only state agencies and instrumentalities [not individual employees] can be defendants in original actions in the Court of Claims." Only ODRC remains as a defendant in the Court of Claims, and only on the spoliation claim.

(*Id*. at PageID 457 (alterations in original), quoting ECF No. 41-2 at PageID 466.)

As of May 10, 2021, Plaintiff only intended to file his spoliation claim in the Ohio Court of Claims as an original action.

Furthermore, the Court lacked jurisdiction over Plaintiff's state law claims against Defendants at the outset of this case, because Plaintiff did not first seek an immunity determination from the Ohio Court of Claims. "Under Ohio law, [] state employees may not be sued [in their

5

individual capacities] unless and until it has been determined by the Court of Claims that they are not entitled to immunity." *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989) (discussing Ohio Rev. Code § 2743.02(F)). Thus, "[p]rior to that condition being satisfied, then, there is no claim under Ohio law upon which relief may be granted against state employees in their individual capacities. In that regard, the only recognized cause of action lies, initially, against the State of Ohio in the Court of Claims." *Id.* at 705.

But in its July 21, 2021 Order, the Court ambiguously indicated that Plaintiff's state law claims could be refiled in the Court of Claims.

So, on August 10, 2021, Plaintiff added an assault and battery cause of action against Cook and Nungester citing the Court's Order dismissing that claim, "'without prejudice to re-filing in the Court of Claims.'" (ECF No. 41-1 at 462.)

Now, upon Defendants' Motion, the Court must answer two questions: 1) whether Plaintiff knowingly, intelligently, and voluntarily brought suit against Defendants in the Court of Claims and therefore waived "any cause of action, based on the same act or omission, that the filing party has against any officer or employee" under Ohio Rev. Code 2743.02(A)(1) and 2) whether Plaintiff's spoliation claim against the ODRC is based on the act same act or omission as his § 1983 claim against Defendants.

The Court answers both questions in the negative.

In *Leaman,* the Sixth Circuit found that because the plaintiff in that case had competent counsel when she filed her action in the Court of Claims, it was presumed that counsel knew what the Court of Claims Act said, and thus the plaintiff "made a knowing, intelligent, and voluntary waiver of her right to bring claims against officers and employees of the state." *Leaman*, 825 F.2d at 956 (cleaned up). Here, Plaintiff's counsel admits that adding the state law battery claims to the

6

complaint filed in the Court of Claims "was clearly a mistake" and "ill-advised." (ECF No. 41 at 459.) But given the Court's ambiguous direction at the end of its July 21, 2021 Order, the Court finds that its Order caused Plaintiff to be ill-advised, and Plaintiff therefore did not make a knowing, intelligent, and voluntary waiver of his right. As Plaintiff points out, before the Court's July 21, 2021 Order, "Plaintiff has aggressively and consistently prosecuted his excessive force claims in this Court and has never given any indication that he intends to abandon such claims in favor of a case in the Court of Claims." (*Id.*) The Court therefore finds that upon consideration of the procedural history in this case and the ambiguity contained in the Court's July 21, 2021 Order, Plaintiff's waiver was not knowing, intelligent, and voluntary, as it could be reasonably construed that Plaintiff interpreted the Court's Order as a direction to file his assault and battery claim in the Ohio Court of Claims.

Lastly, the Court finds that Plaintiff's § 1983 claim against Defendants is not based on the same act or omission as the spoliation claim against the ODRC. As Defendants point out, a party making a spoliation claim must prove: (1) that the party having control over the evidence had a duty to preserve it; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim or defense. *Beaven v. US. Dep't of Juistice*, 622 F.3d 540, 553 (6th Cir. 2010).

The elements of that claim are vastly different from the facts surrounding Plaintiff's claim of excessive force and cruel and unusual punishment brought pursuant to § 1983. In each instance, Plaintiff relies on different facts to prove his position. The Court therefore finds that the two claims are not based on the same act or omission, and that by filing a spoliation claim against the ODRC in the Court of Claims, Plaintiff has not waived his right to bring his § 1983 claim against Defendants in this Court.

**IV.  Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**.  Plaintiff's remaining § 1983 claim may proceed.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 29, 2021